UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EDOR JOSEPH HOLMES | CIVIL ACTION NO. 05-1143 |
| versus | JUDGE HICKS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | **REFERRED TO:**<br>**MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM RULING**

**Introduction**

Edor J. Holmes ("Plaintiff") applied for Supplemental Security Income in 2003, alleging that he became disabled in June 1990. Plaintiff, who was struck by a motor vehicle when he was a small child, complained of a closed head injury, right hip damage and right side muscle weakness. He was 31 years old when ALJ Larry Butler decided his case. Plaintiff has a ninth grade education in special education classes and no vocationally relevant past work experience.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work, and he applied the Medical-Vocational Guidelines at step five to direct a finding that Plaintiff was not disabled. The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking review under 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security

cases, the action was referred to the undersigned for decision and the entry of judgment. For the reasons that follow, the Commissioner's decision will be affirmed.

**Issues on Appeal**

The scheduling order requires that Plaintiff identify the particular errors of which he complains. Plaintiff has identified three errors: (1) the ALJ did not obtain a knowing and intelligent waiver of Plaintiff's right to representation, (2) the ALJ did not fully and fairly develop the facts with respect to a mental impairment, and (3) the ALJ erred in not finding that Plaintiff did not meet a listing.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Waiver of Representation**

A claimant has a statutory right to counsel at a benefits hearing. 42 U.S.C. § 406. The Commissioner is required by Section 406(c) to notify each claimant in writing of the options

for obtaining attorneys to represent persons in presenting their cases before the agency. The notification "shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge." Id. The notice need not guarantee the availability of free legal services, as such services may or may not be available in a particular community. Clark v. Schweiker, 652 F.2d 399, 403 (5th Cir. 1981).

When determining whether a claimant has received adequate notice of and knowingly and intelligently waived his right to representation, the courts frequently look to whether the agency has explained to the claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility the claimant could qualify for free representation or a contingency fee arrangement, and (3) the limitation on the amount of benefits the agency will withhold to pay toward an attorney fee. See, e.g., Castillo v. Barnhart, 325 F.3d 550, 552 (5th Cir. 2003); Clark, 652 F.2d at 403-04.

After Plaintiff's claim was denied at the lower administrative level, Plaintiff was advised in writing of his right to request a hearing. The notice described the hearing process and contained the following information under a heading "IF YOU WANT HELP WITH YOUR APPEAL":

> You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.
>
> If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it.

Tr. 36. The agency later sent Plaintiff another letter that again described the hearing process and, under the heading "Your Right to Representation," provided the following information:

> You may choose to be represented by a lawyer or other person. A representative can help you get evidence, prepare for the hearing, and present your case at the hearing. If you decide to have a representative, you should find one immediately so that he or she can start preparing your case.
>
> Some private lawyers charge a fee only if you receive benefits. Some organizations may be able to represent you free of charge. Your representative may not charge or receive any fee unless we approve it.
>
> We have enclosed the leaflet 'Social Security and Your Right to Representation.' We are also enclosing a list of groups that can help you find a representative.
>
> If you get a representative, you or that person should call us to give us his or his name, address and telephone number. You also will need to complete our Form SSA 1696-U4 Appointment of Representative. Any local Social Security office can give you this form.

Tr. 40-41. The leaflet is not in the record filed with the court, but the current version of the leaflet is SSA Publication No. 05-10075, and it is available on the agency's website at www.ssa.gov/pubs/10075.html. The leaflet sets forth clear and concise information about what a representative can do to help a claimant, the possible availability of free legal services or services from a representative who does not charge a fee unless the claimant receives benefits, that the representative may not charge a fee unless it is approved by the agency, the limits on the amount of a fee, and that the agency will usually withhold up to 25% (but never more) of past-due benefits to pay toward a fee. The agency does not, however, withhold an amount for a fee in an SSI case such as this one.

Then, shortly before the hearing, the ALJ sent Plaintiff a notice that, under the heading "You May Choose to Have a Person Represent You," provided the following:

> If you want to have a representative, please get one right away. You should show this notice to anyone you may appoint. You or that person should call this office to give us his or his name, address and telephone number.

Tr. 21.

At the commencement of the hearing, the ALJ first addressed the right to representation. This exchange took place:

> ALJ: –on the record here. I was just talking to the clerk. Do you want to look – did you want a continuance to look for representation or something, or – it's up to you. It doesn't make any difference to me. We can go forward if you want to and have your hearing, or you can – if you want to look for representation, it'll probably be about two or three months before you'll get back to a hearing. But it's totally your call. I've got plenty of work to do.
>
> CLMT: I was trying to get representation but I couldn't find none.
>
> ALJ: Okay, so you just want to go ahead and have your hearing then?
>
> CLMT: Yeah.
>
> ALJ: Yeah, okay, that's fine.

Tr. 183.

Plaintiff has a ninth grade education in special education classes, and he testified that he had pursued his GED in prison and would like to do so in the future. He also indicated on a form that he had job training as a basic computer technician. Tr. 63. Plaintiff was sufficiently articulate and responsive during the hearing to indicate that he is capable of understanding the notices sent to him by the agency. The ALJ found that Plaintiff was

"intelligent" (Tr. 17), although Plaintiff now points to an evaluation conducted when he was five years old that indicated he had an IQ of 78, which is considered borderline intellectual functioning.

The written communications to Plaintiff conveyed all of the information he needed to be adequately informed about his right to representation and to make a knowing and intelligent decision regarding representation. Plaintiff did not express any confusion about his right to representation, and his statement that he was trying to obtain representation indicated that he was well aware of his right. The ALJ made clear that Plaintiff could have more time to seek representation, but Plaintiff elected to go forward with the hearing. Under these circumstances, Plaintiff validly waived his right to representation at the hearing.

**No Prejudice**

Assuming that a claimant has not knowingly and intelligently waived his right to be represented at an administrative hearing, judicial reversal and remand is not required unless the claimant shows that he was prejudiced by his lack of representation. Brock v. Chater, 84 F.3d 726 n. 1 (5th Cir. 1996) (claimant was not prejudiced because he could point to no evidence that "would have been adduced and that could have changed the result had [the claimant] been represented by counsel."). Plaintiff urges that he was prejudiced because (1) the ALJ did not develop current evidence with respect to his mental impairment and (2) did not explain why Plaintiff fails to meet listing 1.02(A). Plaintiff has not, however, pointed to evidence that would have been adduced had the ALJ developed the record with respect to

mental abilities that could have changed the result, and there is not a persuasive case that Plaintiff meets the demands of the listing, which is discussed in more detail below.

**Mental Impairment**

Plaintiff complains that the ALJ did not adequately develop the facts with respect to an alleged mental impairment, the existence of which might have precluded the use of the Guidelines without evidence from a vocational expert. Plaintiff points to the deficits indicated in the report prepared when he was a small child soon after his accident, and he suggests that there is no indication as to the current status of those deficits. As noted above, there are indications that Plaintiff demonstrates a level of intelligence that would not necessarily compel a reasonable person to question his mental abilities or order a consultative report in that area.

As with the waiver of right to representation, the claim that the ALJ did not adequately develop the record requires a showing of prejudice. The claimant must show that had the ALJ done his duty, the claimant could and would have adduced evidence that might have altered the result. Kane v. Heckler, 731 F.2d 1216, 1219-20 (5th Cir. 1984). The medical records reviewed by the ALJ and the testimony he heard from Plaintiff did not include evidence that necessarily should have resulted in compilation of additional evidence with regard to a mental limitation. Assuming fault on the part of the ALJ, Plaintiff has not established prejudice by showing that greater development could and would have adduced evidence that might have altered the result. Plaintiff has only produced speculation.

Plaintiff makes a one-sentence argument that the ALJ should have developed the evidence with respect to his eyesight because optic nerve damage was noted in a 1990 examination. Tr. 103. The Commissioner points out that another report states, however, that Plaintiff's vision could be corrected to 20/20. Tr. 98. No error has been established with respect to this issue.

**Listing**

Plaintiff complains that the ALJ did not adequately explain why Plaintiff does not meet the requirements of Listing 1.02(A). The ALJ did set forth the requirements of the listing (Tr. 15), and he ultimately concluded that Plaintiff did not satisfy it, but he never explained that decision in any detail. A remand is sometimes in order when a claimant has a colorable claim that he meets or equals a listing and the ALJ does not address the contention in his decision, but that is not the case here.

Plaintiff, who bears the burden at step three, has not explained how he meets each of the distinct requirements of the listing. One of those requirements is that the joint condition result in an inability to "ambulate effectively." That term is defined in Listing 1.00(B)(2)(b). If the person can sustain a reasonable walking pace over a sufficient distance to carry out activities of daily living, he can ambulate effectively. Conversely, if the person is unable to walk without the use of a walker, two crutches or two canes, or if he cannot walk a block at a reasonable pace on rough or uneven surfaces, he may be unable to ambulate effectively. There is no evidence to suggest that Plaintiff's ability to walk is anywhere close to the

limitations required by the Listing.

**Conclusion**

Plaintiff has not demonstrated error in the Commissioner's decision. A judgment will be entered affirming the Commissioner's decision to deny benefits.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 5th day of July, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE